TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Bart Paschke

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bart Paschke, | Case No.: 2:15-cv-00356-SRB |
| Plaintiff, | |
| vs. | **FIRST-AMENDED COMPLAINT** |
| Midland Credit Management, Inc., | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff, Bart Paschke (hereafter "Plaintiff"), by undersigned counsel, brings the following First-Amended Complaint ~~complaint~~ against Midland Credit Management Inc. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Glendale, Arizona, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is a business entity located in San Diego, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly

collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

### ALLEGATIONS APPLICABLE TO ALL COUNTS

8. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5).

10. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

11. At relevant times mentioned herein, Plaintiff utilized a cellular telephone service and was assigned the following telephone number: 602-XXX-8491 (hereafter "Cell Number").

12. Beginning in or around February of 2014, Defendant placed calls to Plaintiff's Cell Number in an attempt to collect a debt.

13. The aforementioned calls were placed using an automatic telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice ("Robocalls").

3

14. When Plaintiff answered calls from Defendant, he was met with a prolonged period of silence, and he would repeatedly say "hello." However, the calls were never transferred to a live representative.

15. Also beginning in or around February of 2014, Defendant placed calls to Plaintiff's place of employment at telephone number 602-XXX-8830 (hereafter "Work Number").

16. On or about March 3, 2014, Plaintiff notified Defendant in writing that he had retained an attorney to assist him with bankruptcy. Plaintiff also provided Defendant with his attorney's contact information.

17. Defendant continued to place calls directly to Plaintiff's Cell Number and Work Number after receiving notice that Plaintiff had retained an attorney.

18. Furthermore, during a conversation with Defendant, Plaintiff informed Defendant that he could not take Defendant's calls at work and that he wanted all calls from Defendant to cease.

19. Despite Plaintiff's written and oral representations and requests, Defendant continued to call Plaintiff at his Work Number and continued to place ATDS calls to Plaintiff's Cell Number at an excessive and harassing rate.

20. Indeed, Defendant placed approximately one hundred (100) ATDS calls to Plaintiff's Cell Number without Plaintiff's consent.

# COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

21. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

22. The TCPA prohibits Defendant from using, other than for emergency purposes, an ATDS and/or Robocalls when calling Plaintiff's Cell Number absent Plaintiff's prior express consent to do so. *See* 47 U.S.C. § 227(b)(1).

23. Defendant's telephone system has the earmark of using an ATDS in that Plaintiff, upon answering calls from Defendant, was met with a prolonged period of silence. Plaintiff would repeatedly say "hello." However, the calls were never transferred to a live representative.

24. Defendant called Plaintiff's Cell Number using an ATDS without Plaintiff's consent in that Defendant either never had Plaintiff's prior express consent to do so, or such consent was effectively revoked when Plaintiff requested that Defendant cease all further calls.

25. Defendant continued to willfully call Plaintiff's Cell Number using an ATDS, knowing that it lacked the requisite consent to do so in violation of the TCPA.

26. Plaintiff was harmed and suffered damages as a result of Defendant's actions.

5

27. The TCPA creates a private right of action against persons who violate the Act. *See* 47 U.S.C. § 227(b)(3).

28. As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages.

29. As a result of each call made knowingly and/or willingly in violation of the TCPA, Plaintiff may be entitled to an award of treble damages.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

30. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

31. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive, and unfair debt collection practices and in order to eliminate such practices.

32. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

33. Defendant communicated with Plaintiff at a time or place known to be inconvenient to the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

34. Defendant communicated with Plaintiff, knowing that Plaintiff was represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2).

35. Defendant communicated with Plaintiff at his place of employment, knowing that the employer prohibits Plaintiff from receiving such communication, in violation of 15 U.S.C. § 1692c(a)(3).

36. Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

37. Defendant caused Plaintiff's phone to ring or engaged Plaintiff in telephone conversations repeatedly or continuously, with the intent to annoy, abuse, and harass Plaintiff, in violation of 15 U.S.C. § 1692d(5).

38. The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

39. Plaintiff has been harmed and is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

B. Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

C. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

D. ~~Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);~~

E. ~~Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);~~

F. ~~Punitive damages; and~~

G. ~~Such other and further relief as may be just and proper.~~

**~~JURISDICTION~~**

~~40. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").~~

~~41. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.~~

~~42. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.~~

**~~PARTIES~~**

~~43. Plaintiff is an adult individual residing in Glendale, Arizona, and is a "person" as defined by 47 U.S.C. § 153(39).~~

~~44. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).~~

~~45. Defendant is a business entity located in San Diego, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39).~~

~~46. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly~~

8

collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

47. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

48. Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5).

49. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

50. In or around February of 2014, Defendant began calling Plaintiff in an attempt to collect a debt.

51. Defendant failed to identify itself in it's conversations with Plaintiff.

52. Defendant failed to send Plaintiff written notice of the debt within five days of initiating communication with Plaintiff.

53. In February of 2014, Plaintiff filed for bankruptcy protection and notified the original creditor.

54. In March of 2014, Plaintiff notified Defendant via US Mail that he had retained an attorney and provided Defendant with his attorney's information.

9

~~55. Defendant continued to place calls directly to Plaintiff after receiving notice that Plaintiff had retained an attorney.~~

~~56. Defendant also placed calls to Plaintiff's work number in an attempt to collect a debt.~~

~~57. Plaintiff informed Defendant that he could not take Defendant's calls at work and requested that further calls to his work number cease.~~

~~58. Despite this request and knowing that Plaintiff's employer did not allow Plaintiff to take Defendant's calls at work, Defendant continued to call Plaintiff's at his place of employment.~~

## ~~COUNT I~~

## ~~VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*~~

~~59. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.~~

~~60. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.~~

~~61. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).~~

~~62. Defendant communicated with Plaintiff at a time or place known to be inconvenient to the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).~~

63. ~~Defendant communicated with Plaintiff knowing that Plaintiff was represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2).~~

64. ~~Defendant communicated with Plaintiff at his place of employment knowing that the employer prohibits Plaintiff from receiving such communication, in violation of 15 U.S.C. § 1692c(a)(3).~~

65. ~~Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.~~

66. ~~Defendant caused Plaintiff's phone to ring or engaged Plaintiff in telephone conversations repeatedly or continuously, with the intent to annoy, abuse and harass Plaintiff, in violation of 15 U.S.C. § 1692d(5).~~

67. ~~Defendant placed telephone calls to Plaintiff without disclosing the caller's identity, in violation of 15 U.S.C. § 1692d(6).~~

68. ~~Defendant failed to send Plaintiff written notice regarding the alleged debt within five (5) days after its initial communication with Plaintiff, in violation of 15 U.S.C. § 1692g(a).~~

69. ~~The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.~~

70. ~~Plaintiff has been harmed and is entitled to damages as a result of Defendant's violations.~~

11

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

H. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

I. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

J. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

K. Punitive damages; and

L. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: ~~February 27~~ May 15, 2015        TRINETTE G. KENT

By: */s/ Trinette G. Kent*
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Bart Paschke